Aaron SHORE, as a duly qualified elector, resident and taxpayer and citizen of the State of North Dakota, for himself and all others similarly situated, Petitioners,

v.

Ben MEIER, as Secretary of State of North Dakota, Respondent.

No. 8097.

Supreme Court of North Dakota.

July 8, 1963.

BURKE, Judge.

This is a proceeding to review the decision of the Secretary of State, holding that petitions to refer House Bill 771, enacted by the 38th Legislative Assembly of the State of North Dakota, were sufficient.

Petitions for such a referendum were filed in the Office of the Secretary of State on June 7, 1963. On their face these petitions bore the signatures of 8,049 electors. In passing upon the sufficiency of these petitions the Secretary of State on June 12, 1963, found that they contained 7,819 apparently valid signatures and that they were therefore sufficient to require the referendum of said House Bill 771 in accordance with the provisions of Section 25 of the Constitution of North Dakota. It is conceded that, in making this decision, the Secretary of State acted in good faith.

Petitions to refer four other measures enacted by the 38th Legislative Assembly were filed and found sufficient at or about the same time. The Governor of the State immediately thereafter called a special election to be held July 17, 1963, for the submission of the question of the approval or disapproval of said measures to the electorate of the State.

On June 13, 1963, the Secretary of State, prepared and certified to the several county auditors of the State the form of ballot to be used in said special election.

On July 1, 1963, the petitioners in this proceeding filed their petition for a review of the Secretary of State's finding that the petitions to refer House Bill 771 were sufficient. These petitioners alleged that certain of the referendum petitions purporting to bear the signatures of in excess of 2,700 electors and certified under oath by one James Gesellchen in fact contained many forged signatures and many purported signatures of deceased persons. Filed in support of this petition were affidavits of persons who denied that their purported

Wheeler, Daner & Glaser, Bismarck, for petitioners.

Paul Sand, Asst. Atty. Gen., Bismarck, for Secretary of State.

W. R. Pearce, Bismarck, for Committee for the Referendum Petitioners.

signatures appearing upon the referendum petitions were genuine, and death certificates showing the prior deaths of other purported signers.

On July 2, 1963, this Court issued its order directing the Secretary of State to certify to this Court the records of his office relating to the petitions for the referral of House Bill 771 and to show cause why his action in approving such petitions should not be reviewed and why, upon such review, this Court should not make orders appropriate to the circumstances as they should appear at the hearing upon the order.

This matter came on for hearing pursuant to our order to show cause on July 5, 1963, at 2:00 o'clock p. m.

At the hearing, it was contended on behalf of these petitioners, that fraud was definitely established as to many of the purported signatures appearing upon the referendum petitions certified by James Gesellchen; that such established fraud is prima facie proof that such petitions are wholly fraudulent and that in the absence of proof as to the genuineness of some of the signatures, all 2,700 signatures on these petitions should be held fraudulent and the referendum petitions held insufficient.

The respondent does not challenge petitioner's specific proof of fraud but he does take issue with the contention that proof of fraud as to some of the signatures taints all other signatures upon the same petitions and casts on respondent the burden of showing that such signatures were genuine. Respondent's principal contention, however, is that the petition in this proceeding comes too late. He says that under Section 25 of the Constitution the right of review of the Secretary of State's decision granted to the Supreme Court is limited in time and that the right of review terminates when the ballot for the referendum election is prepared.

The pertinent part of Section 25 reads as follows:

"The Secretary of State shall pass upon each petition, and if he finds it insufficient, he shall notify the 'Committee for the Petitioners' and allow twenty days for correction or amendment. All decisions of the Secretary of State in regard to any such petition shall be subject to review by the supreme court. *But if the sufficiency of such petition is being reviewed at the time the ballot is prepared, the Secretary of State shall place the measure on the ballot and no subsequent decision shall invalidate such measure if it is at such election approved by a majority of the votes cast thereon.* If proceedings are brought against any petition upon any ground, the burden of proof shall be upon the party attacking it."

The language, "But if the sufficiency of such petition is being reviewed at the time the ballot is prepared, the Secretary of State shall place the measure on the ballot and no subsequent decision shall invalidate such measure if it is at such election approved by a majority of the votes cast thereon.", deprives this Court of the right of an effective review of the sufficiency of referendum or initiative petitions, after the ballot for the submission of the measures to the electorate is prepared. Once the ballot is prepared the election must go on, no matter to what extent the petitions to place the measures on the ballot may have been insufficient.

In this proceeding, the exhibits, beyond any doubt, establish gross and extensive fraud. Visual inspection of the petitions provides additional evidence from which fraud may reasonably be inferred. This lamentable proof of venality on the part of a petition circulator, if circulator be the right word, can not justify ignoring the clear mandate of the Constitution.

This is a review of the sufficiency of the referendum petitions. Upon such a review the only question is whether the petitions are sufficient to require the placing of the measure, referral of which is sought, on the ballot. If the request for review is timely and the referendum petitions are found insufficient for any cause, the Court may order the measure excluded from the ballot. If, however, as in this case, the review is not sought until after the ballot is prepared no such relief may be granted. The petition for review is therefore dismissed.

MORRIS, C. J., and STRUTZ and ERICKSTAD, JJ., concur.

TEIGEN, J., did not participate.